SAMUEL R. FORD v. MICHAEL H. DOSSON.

The drawer of a note negotiated after maturity, may set up any equitable defence against the holder, which he could have urged against the payee.

In a suit by the holder against the drawer of a promissory note, negotiated after maturity, which had been given on the settlement of a partnership formerly existing between the drawer, the payee, and a third person, the defendant may be relieved by showing error in the settlement, without making his partners parties to the suit.

APPEAL from the District Court for the parish of Catahoula, *King*, J.

*Downs* and *Copley*, for the plaintiff.

*McGuire* and *Garrett*, for the defendant and appellant.

BULLARD, J.  This is an action upon a promissory note against the drawer, made payable to. McCluer or bearer, the plaintiff alleging that he is the bearer thereof.

The defence is, that the note was given in error on the settlement of a partnership concern, in which the respondent Dosson, S. W. McCluer, and Joseph Bealer were parties, and that the amount was ascertained by giving over to the defendant rights and credits belonging to the partnership to the amount of ten thousand five hundred dollars, which were worthless, and errors in calculation $3000. That he paid $3000 of the note to McCluer which he promised to credit upon it, and that the note was not to bear interest until after two years. That the plaintiff acquired the note after maturity, being well acquainted with the errors in the settlement. He further avers that the plaintiff is not the real owner.

. The note having been evidently negotiated after maturity, the defendant was authorized to set up any equitable defence, which may have existed as between him and the original payee.

The defendant having failed in the opinion of the court below to make good his defence, or to show that he was entitled to any deductions, judgment was rendered against him, and he appeals.

His counsel have urged that the court below erred in refusing to make McCluer and Bealer parties to this action, according to the prayer of the amended answer' He contends that the case involves the opening of a settlement between partners, and that in cases of that kind all the partners should be called in. It does not appear to us that the court erred. McCluer was the assignee of Bealer in relation to the concern, and we have already said that the defendant might be relieved by showing error, without making parties those with whom he was formerly associated and had had a settlement, and to whom he had given the note sued on. It is not easy to perceive how such a step would aid the defendant.

Upon the merits, the defendant failed to make out his defence. The evidence shows, that when the note was presented to him by the attorney of the plaintiff or his agent, he said the note was right, and he would make some arrangements to pay it. The deposition of McCluer and of his late partners and the assignee of the other, is far from showing the errors complaine l of ; and the plaintiff, in answer to interrogatories propounded to him says, 'I have had repeated conversations with Dorson, the defendant in this suit, and he made no objection to the justness of the claim sued for in this action ; on the contrary he admitted that he owed the debt, and endeavored to get this deponent to take other men's paper or notes, that he, Dorson, held in payment of this.'

*Judgment affirmed.*